The Honorable Jodie Mahony State Representative 406 Armstrong Building El Dorado, AR 71730
Dear Representative Mahony:
This is in response to your request for an opinion on the following question:
 Does a city council have the authority to set term limitations on City Officials (elected or appointed) and/or Aldermen?
It is my opinion that the answer to this question will, in all likelihood, depend upon the office involved, and/or the form of government of the city in question.
With regard, first, to the form of government, this factor gains significance in light of several statutory provisions that specifically address successive terms. Although you refer in your request to "aldermen," these provisions should be noted when addressing this question. The legislature has specifically prohibited term limitations with respect to directors in a city with the city manager form of government (A.C.A. §14-47-109(d)(3) (Cum. Supp. 1991)), and with respect to the mayor and directors in a city with the city administrator form. A.C.A. § 14-48-110(d)(2)(B) (1987). These provisions state that the respective officers shall not be prohibited from holding successive terms of office.
With regard to aldermen, that is, council members in a city with the mayor/city council form of government, there appears to be no such general prohibition against local legislation setting term limitations. I believe that this type of legislation would, generally, fall within those municipal affairs as to which the city could exercise legislative power. See A.C.A. §§ 14-43-601
and -602 (1987).
With regard, however, to other city officials, it is my opinion that the answer may vary, depending upon the office affected. For instance, consideration must, in my opinion, be given to the fact that the mayor has been vested with the power to appoint all department heads. A.C.A. § 14-42-110 (1987). The Mississippi Attorney General has determined that this power of appointment effectively negates the city council's authority to set term limitations. Op. Miss. Att'y. Gen. April 9, 1986. The Mississippi Attorney General concluded that the statute establishing the mayor's appointive authority ". . . empowers the Mayor to appoint members to all municipal boards, authorities and commissions subject to confirmation by the Council. It is our opinion that this authorizes the Mayor to appoint individuals of his choosing to be submitted to the Council for its consideration. Any attempt by the Council to disqualify a particular individual or group of individuals from consideration by the Mayor would, in our opinion, be inconsistent with the statutory procedure of appointments. . . ." Id. at 2.
There are no Arkansas cases on point. While the question may therefore ultimately require judicial interpretation, in the absence of clear legislative guidance, I believe that a persuasive argument could be made that a power of appointment, vested under state legislation, cannot be limited by local legislation that narrows the field based on length of prior service. Otherwise, however, with the exceptions noted above regarding the city's form of government, I believe that local term limitations would withstand scrutiny under current law.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh